UTICA,<br>Aug. 1826.<br><br>Harvey<br>v.<br>Bardwell.

Motion granted with costs.

---

HARVEY and WALKER *against* BARDWELL and others.

A MOTION was made in behalf of the defendants, that the judgment for the plaintiffs, *as to costs*, be set aside ; and that the defendants be allowed their costs.

The action was debt for the penalty of $500, on sealed articles between the parties, by which the defendants (among other things) agreed to pay certain moneys to the plaintiffs. The breaches assigned, were in the non-payment of the moneys. The same articles contained various covenants on the part of the plaintiffs, to the defendants. On the penalty for the non-performance of these covenants, the defendants had, shortly after the commencement of this suit, brought their action against the plaintiffs, and obtained judgment with full costs. In the suit brought by the defendants, there was a reference ; and all matters of dispute arising under the articles, except the subject matter of this suit, were heard and passed upon by the referees, who reported for the defendants 16 dollars ; so that the question in this suit was confined merely to the amount of

*In an action on a penal bond, or of debt on the penalty in articles of agreement, the judgment is properly for the penalty, in all cases, except where the sum is reduced by set off under the stat. 1 R. L. 515, 16.*

*And where the penalty of articles was 500 dollars, though the money due was only $14 ; held, that the plaintiff recovering, should have full costs.*

UTICA,
Aug. 1826.

Harvey
v.
Bardwell.

moneys due to the plaintiffs. This cause was also referred, and the referees passed upon the claim of the plaintiffs, reporting $14 in their favor. They entered up judgment for the penalty with full costs.

*J. Dickson* for the motion.

*C. Perkins*, contra.

*Curia.* The demand of the plaintiffs having been narrowed down to a money claim; and there being no need of the penalty to secure further breaches ; and the damages reported being only 14 dollars, and below what, in a judgment, would carry costs, the question is, whether the penalty or the damages were the proper measure of the judgment. When that is ascertained, we have a test for the costs. (13 *John. Rep.* 345.)

The case of *Alendorph* v. *Stickle*, (2 *Cowen*, 412,) was one of set off, within the statute, 1 *R. L.* 515, 16. It was this, which led to the distinction mentioned by the court, between bonds for performance of covenants, and money bonds. Where the latter are in question upon a set off, the sum really due is the debt ; and the judgment goes accordingly, either for plaintiff or defendant. Except in the single case of set off, all bonds and agreements secured by a penalty, stand on the same footing ; and the plaintiff recovers costs according to the penalty. The case of set off is *sui generis*, and stands upon the statute providing for that alone. ( *Vid.* 2 *John. Cas.* 406. 10 *John. Rep.* 219. 13 *id.* 345. 5 *Cowen*, 424. 2 *Cain. Rep.* 107.)

The motion must be denied with costs.

Motion denied.